IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LINDA HEARNE, ANGELA HILL, AND JOANNA VELEZ<br><br>  Plaintiffs,<br><br>v.<br><br>WELSH PAWN SHOP, INC.<br><br>  Defendant. | )<br>)<br>)<br>)<br>) **CIVIL FILE ACTION NO.**<br>)<br>) **CV416-090**<br>)<br>)<br>) **JURY TRIAL DEMANDED** |

## FIRST COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW, Plaintiffs LINDA HEARNE, ANGELA HILL, and JOANNA VELEZ (hereinafter "Plaintiffs") by and through counsel, hereby file their FIRST COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF against Defendant Welsh Pawn Shop, Inc., and shows the Court the following:

Jurisdiction and Venue

1. This is an action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq.  The jurisdiction of the Court is conferred pursuant to 28 U.S.C. §1331.

2. Plaintiffs timely filed their EEOC charges and received their notice of right to sue.  Therefore, Plaintiffs have exhausted their administrative remedies

and the instant action is timely.   Venue is proper in this court under 42 U.S.C. 2000e-(f)(3).

## The Parties

3.    Plaintiff Linda Hearne is a female and is and was at all times herein a citizen and resident of the State of Georgia, and is entitled to bring actions of this kind and nature.

4.    Plaintiff Angela Hill is a female and was at all time relevant to the action a citizen and resident of the State of Georgia.   Plaintiff Hill is currently a citizen and resident of the state of California.  She is entitled to bring actions of this kind and nature.

5.    Plaintiff Joanna Velez is a female and is and was at all times herein a citizen and resident of the State of Georgia, and is entitled to bring actions of this kind and nature.

6.    Defendant Welsh Pawn Shop, Inc. is a privately held domestic corporation that maintains its office at 32 Derenne Avenue in Savannah, Georgia. Defendant can be served pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## Facts

7.    At all relevant times, Plaintiffs were employees of Welsh Pawn Shop.

8.    At all relevant times, Welsh Pawn Shop had fifteen or more employees.

2

9.    During Plaintiffs' employment, each Plaintiff was repeatedly subjected to unwanted and extremely crude sexual comments including statements such as the purchase of a banana or cucumber was for their vagina. The sexually hostile work environment included unwanted touching and requests for sex. Pornography was viewed by male employees in the stores, and scenes were acted out by male employees in front of female employees.

10.    The hostile work environment was created by and with the knowledge of David Epstein, the general manager for the pawn shops. In fact, he would engage in making crude sexual innuendos and comments directed at the Plaintiffs and would engage in unwanted touching.

11.    Plaintiffs' requests for the behavior to stop were ignored. In fact, Epstein threatened the Plaintiffs that if they went over his head and complained to the owner Eric Richman, he would fire them, or in some case, threatened a Plaintiff with physical harm.

12.    Epstein hired a female employee and began a sexual relationship that took place in the stores. This female employee began to receive preferential treatment from Epstein which deprived Plaintiffs of compensation.

13.    Management regularly paid the male employees more than the female Plaintiffs for the same work.

3

14.   Complaints to Eric Richman, owner, were also ignored and he also participated in the creation of the sexually hostile work environment.

15.   Plaintiffs' complaints were met with reduced hours, reduced compensation, or termination.

16.   At the relevant time period, there were no policies prohibiting sexual harassment including the lack of any complaint procedure.

17.   Following the filing of Plaintiffs' EEOC charges, a sexual harassment policy was put together after-the-fact.

18.   Plaintiffs have suffered financial losses and suffered emotional distress because of the sexually hostile work environment and the failure of Defendant to stop the discrimination and harassment.


## Count One:  Gender Discrimination

19.   Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.

20.   Defendant's actions constitute unlawful discrimination in the terms and conditions of Plaintiffs' employment on the basis of their gender, in violation of Title VII of the Civil Rights Acts of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et. seq.

21.  As a direct and proximate result of Defendant's violation of Title VII, Plaintiffs have been damaged and are entitled to the relief set forth in their Prayer for Relief.

## Count Two:  Sexual Harassment and Hostile Work Environment

22.  Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.

23.  Defendant's actions, by and through its male employees and management, constitutes sexual harassment and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 4 U.S.C. 2000e, et. seq.

24.  As a direct and proximate result of Defendant's violation of Title VII, Plaintiffs have been damaged and are entitled to the relief set forth in their Prayer for Relief.

## Count Three:  Retaliation

25.  Plaintiffs reallege and incorporate herein all preceding paragraphs of this Complaint.

26.  Defendant unlawfully retaliated against Plaintiffs by taking adverse actions against Plaintiffs for complaining of unlawful conduct.

27.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiffs have been damaged and are entitled to the relief set forth in their Prayer for Relief.

## PRAYER FOR RELIEF

A.      Order Defendant to make each Plaintiff whole, by providing appropriate back pay with prejudgment interest, and front pay in lieu of reinstatement, in amounts to be determined at trial, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practices;

B.      Order Defendant to pay each Plaintiff, compensatory, and punitive damages in an amount to be determined at trial;

C.      Order Defendant to pay each Plaintiff reasonable attorney fees and costs and other legal expenses incurred by them in this matter;

D.      Order Defendant to pay each Plaintiff an additional amount to offset the negative tax consequences of the balance of the court's award, in order to effectuate the essential purpose of the remedial goal expressed in the statutes, of making whole the victim of discrimination;

E.      Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and

documentation from each Plaintiff's employment file.

F.   Order Defendant to institute and implement, training programs, policies, practices and programs designed to ensure the company is free of gender discrimination in any form, including unlawful sexual harassment.

G.   Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all person in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere and/or discriminate in violation of Title VII.

H.   Award such other legal and equitable relief as the court deems appropriate and just.

I.   A jury trial is demanded as to all issues triable to a jury.


Respectfully submitted this 12th day of April 2016,

                                        /s/Jamie G. Miller
                                        Jamie G. Miller
                                        Georgia State Bar No. 507159
                                        Attorney for Plaintiff

**JAMIE MILLER LAW, LLC**
3490 Piedmont Road, NE
Suite 1200, One Securities Centre
Atlanta, Georgia 30305
404-841-9400 (telephone)
404-869-0238 (facsimile)
jgmiller@jamiemillerlaw.com